UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID PROFANT, <br><br> Defendant. | CASE NO. C17-0557JLR <br><br> ORDER TO SHOW CAUSE |

The court has reviewed Defendant David Profant's notice of removal (Not. of Rem. (Dkt. # 1)) and finds that it inadequately demonstrates the court's subject matter jurisdiction. The court therefore ORDERS Mr. Profant to file a response within fourteen (14) days of the entry of this order providing further information as described below.

Mr. Profant asserts that the court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (*Id.* at 2-3.) Section 1332 provides that the district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different

ORDER - 1

states." 28 U.S.C. § 1332. The removing defendant must show that the case meets the $75,000.00 amount-in-controversy requirement. *See* 28 U.S.C. §§ 1332(a), 1446(c); *Geographic Expeditions, Inc. v. Estate of Lhokta*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). In general, the defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S. Ct. 547, 553-54 (2014). If the court questions the defendant's allegations regarding the amount in controversy, however, the removing defendant bears the burden to demonstrate by a preponderance of the evidence that more than $75,000.00 is in controversy. *See id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *Geographic Expeditions*, 599 F.3d at 1106-07 (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992)). Here, the court questions Mr. Profant's allegations regarding the amount in controversy.

This case arises from Mr. Profant's alleged breaches of his employment and non-competition agreement with Plaintiff Edifecs, Inc., and of his fiduciary duties. (Not. of Rem. at 1-2.) Mr. Profant contends that the amount in controversy exceeds $75,000.00 based on the following allegations in Edifecs's complaint (*id.* at 3) that: (1) Mr. Profant's alleged breaches are the direct and proximate causes of Edifecs's injuries in an amount to be proved at trial (*id.*, Ex. A ("Compl.") ¶¶ 5.6, 6.4); (2) Edifecs's sales staff departures, which Edifecs appears to attribute to Mr. Profant, cause "significant disruption to Edifecs's business" because Edifecs makes "significant investments to train its sales staff" (*id.* ¶¶ 4.7-4.8); and (3) Edifecs seeks various fees and costs associated with this litigation (*id.* ¶¶ 7.2-7.3). Mr. Profant's vague assertions cast doubt on whether this case

meets the amount-in-controversy requirement. Accordingly, Mr. Profant must establish by a preponderance of the evidence that more than $75,000.00 is in controversy in this matter. *See Dart Cherokee*, 135 S. Ct. at 553-54.

If subject matter jurisdiction is lacking, the court must remand the case. 28 U.S.C. § 1447(c). Accordingly, the court ORDERS Mr. Profant to provide additional information regarding the amount in controversy. Mr. Profant's response must be no longer than five (5) pages and filed within fourteen (14) days of the entry of this order. If Mr. Profant does not timely comply with this order or fails to demonstrate that more than $75,000.00 is in controversy, the court will remand this action to state court for lack of subject matter jurisdiction. Edifecs may, but is not required to, respond to this order subject to the same deadline and page limitation.

Dated this 28th day of April, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 3