# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID PROFANT, <br><br> Defendant. | CASE NO. C17-0557JLR <br><br> ORDER DENYING MOTION TO DISMISS |

## I. INTRODUCTION

Before the court is Defendant David Profant's motion to dismiss Plaintiff Edifecs, Inc.'s ("Edifecs") complaint for failure to state a claim. (Mot. (Dkt. # 6).) Edifecs opposes Mr. Profant's motion. (Resp. (Dkt. # 16).) The court has considered the motion, the parties' submissions, the relevant portions of the record, and the applicable law.

//

//

//

Being fully advised,[1] the court DENIES Mr. Profant's motion for the reasons set forth below. In denying Mr. Profant's motion, the court determines that the issues Mr. Profant's motion presents would be better addressed after additional factual development.

## II.  BACKGROUND

This case arises from Mr. Profant's alleged breach of his non-solicitation agreement with Edifecs and of his fiduciary duty. (*See generally* Compl. (Dkt. # 10).) Edifecs claims that on January 5, 2015, Mr. Profant began working for Edifecs as Senior Vice President of Sales. (*Id*. ¶ 2.2.) When he joined the company, Mr. Profant signed a non-solicitation and non-competition agreement ("the Agreement").[2] (*Id*. ¶ 4.1.) The Agreement states that

> I shall not during the term of my employment and for a period of one year to follow the termination of my employment for any reason, directly, indirectly, or by any action in concert with others . . . induce, attempt to induce, entice, or solicit any employee or consultant of the Company to leave such employment or to engage in, be employed by, perform services for, participate in or otherwise be connected with, either directly or indirectly, me or any enterprise with which I may be associated after termination of my employment with the Company.

(*Id*. ¶ 4.2; *see also id*. ¶ 4.1, Ex. 2 ("the Agreement").)

Mr. Profant resigned from his position on November 11, 2016, and shortly after joined Welltok, Inc. ("Welltok") as its Senior Vice President of Sales. (*Id*. ¶ 4.9.)

---

[1] Neither party requested oral argument, and the court deems it unnecessary to the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Generally, a district court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). However, the court may consider material, such as the Agreement, properly submitted as a part of the complaint. *Id*.

Edifecs claims that Mr. Profant has actively recruited Edifecs employees from his former sales team to join him at Welltok. (*Id.* ¶ 1.2.) Specifically, Edifecs asserts that "after [Mr.] Profant's departure from Edifecs, four (out of a total of 23) of Edifecs's U.S. direct sales and sales operations staff resigned." (*Id.* ¶ 4.10.) One employee allegedly resigned on December 16, 2016, two employees allegedly resigned on February 1, 2017, and a fourth employee allegedly resigned on February 3, 2017. (*Id.*) Edifecs claims that none of the employees provided information about where they were going or why and that all of the employees who left knew Mr. Profant and had worked with him at a different employer before they worked at Edifecs. (*Id.* ¶¶ 4.10, 4.11) After the resignations, Edifecs alleges that three of the former employees began working at Welltok and the fourth employee has joined Welltok or is likely to do so. (*Id.* ¶ 1.2.) In addition, before the resignations in February, Mr. Profant allegedly informed an Edifecs employee that there would be a "surprise announcement" on February 1, 2017—the day on which two employees resigned. (*Id.* ¶ 4.12.) Edifecs claims that Mr. Profant then stated there would be another "surprise" a few months later. (*Id.*)

Edifecs contends that it employs a "lean" sales staff, which makes it more vulnerable to harm when it loses experienced talent. (*Id.* ¶ 4.6.) Edifecs claims that by "luring away Edifecs's sales staff, [Mr.] Profant has taken for himself and his new employer the investments Edifecs has made in cultivating the talents of its salespeople." (*Id.* ¶ 4.13.) On March 13, 2017, Edifecs filed a complaint in King County Superior Court alleging that Mr. Profant breached the Agreement and his fiduciary duty. (*Id.*

//

¶¶ 5.4, 6.3.) On April 11, 2017, Mr. Profant removed the case to this court.[3] (*See* Not. of Removal (Dkt. # 1).) After removal, Mr. Profant filed a motion to dismiss Edifecs's complaint for failure to state a claim which Edifecs opposes. (*See generally* Mot.; Resp.) The court now addresses the motion.

### III.   ANALYSIS

**A.   Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[3] On April 28, 2017, the court ordered Mr. Profant to show cause why the court should not remand this matter for lack of subject matter jurisdiction. (4/28/17 Order (Dkt. # 15).) Specifically, the court stated that Mr. Profant's vague assertions in his notice of removal cast doubt on whether the case meets the amount in controversy requirement required to establish diversity jurisdiction. (*Id*. at 2-3.) In his response to the order to show cause, Mr. Profant points to Edifecs's allegations that when a salesperson leaves, Edifecs experiences significant disruption to business. (Resp. to OSC (Dkt. # 18) at 2.) Mr. Profant argues that the cost to recruit, rehire, and retrain new employees to replace the employees who left exceeds the $75,000.00 amount in controversy requirement. (*Id*.) Mr. Profant also attaches a stipulation between Edifecs and Mr. Profant in which they agree that the amount in controversy exceeds $75,000.00. (Stip. (Dkt. # 18-1).) "Although parties cannot stipulate to diversity jurisdiction, the Court can consider a party's judicial admission of fact in determining whether the amount in controversy requirement has been met." *Curry v. Stillwater Ins. Co.*, No. CV-14-02374-PHX-PGR, 2015 WL 11120686, at *1 (D. Ariz. Feb. 9, 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). Taking into account the alleged costs Edifecs will incur and the parties' judicial admission that the amount in controversy exceeds $75,000.00, the court is satisfied that it has subject matter jurisdiction over this case.

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6). *Id.* A court may dismiss a complaint as a matter of law if it lacks a cognizable legal theory or states insufficient facts under a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.     Motion to Dismiss**

Mr. Profant argues that Edifecs fails to allege sufficient facts to state a claim for breach of contract or breach of a fiduciary duty. (*See generally* Mot.) Edifecs opposes Mr. Profant's motion. (*See* Resp.)

The court notes that Mr. Profant at times mischaracterizes the applicable pleading standard. Specifically, he states that a plaintiff must assert "specific allegations of wrongdoing" and implies that those allegations require evidence of the alleged conduct. (Mot. at 5-6.) The *Iqbal/Twombly* standard, however, does not require "specific allegations" or evidence at this stage of this proceeding. *Iqbal*, 556 U.S. at 678; *see also*

*Twombly*, 550 U.S. at 555. Rather, in construing the complaint in the light most favorable to the plaintiff, *Livid Holdings*, 416 F.3d at 946, the court may draw reasonable inferences from factual allegations to determine whether the plaintiff states a plausible claim, *see Iqbal*, 556 U.S. at 678.

1. Breach of Contract

Mr. Profant argues that "Edifecs does not allege any facts showing that Mr. Profant solicited . . . Edifecs employees" in violation of the Agreement. (Mot at 6.) Rather, Mr. Profant contends that Edifecs asserts only conclusory statements. (*Id*.) Edifecs argues that it need not plead "specific items of evidence" and has adequately alleged facts giving rise to a reasonable inference that Mr. Profant solicited Edifecs employees in violation of the Agreement. (Resp. at 5.)

"A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). In this case, the Agreement provides that Mr. Profant would not

> induce, attempt to induce, entice, or solicit any employee or consultant of the Company to leave such employment or to engage in, be employed by, perform services for, participate in or otherwise be connected with, either directly or indirectly, me or any enterprise with which I may be associated after termination of my employment with the Company.

(Compl. ¶ 4.2.) Edifecs alleges that after Mr. Profant's departure from Edifecs, four employees with whom Mr. Profant worked previously at TriZetto and who were on Mr. Profant's sales team at Edifecs left, and at least three of those employees began working for Mr. Profant's new employer, Welltok. (*Id*. ¶ 1.2, 4.10-4.11.) Mr. Profant also

allegedly informed an Edifecs employee about a "surprise announcement" on February 1, 2017, the day that two Edifecs employees resigned. (*Id.* ¶ 4.12.)

Although Edifecs baldly asserts that Mr. Profant is improperly soliciting Edifecs employees (*id.* ¶¶ 1.2, 4.15), Edifecs's allegations regarding the timing of the employee resignations, the employees' new employment with Welltok, and the employees' relationships with Mr. Profant provide further factual enhancement (*id.* ¶¶ 1.2, 4.10-4.11); *see Iqbal*, 556 U.S. at 678. From these allegations, the court may reasonably infer at this stage of the litigation that Mr. Profant solicited Edifecs employees in breach of the Agreement. Accordingly, Edifecs adequately states a claim for breach of contract.

2. Breach of Fiduciary Duty

Mr. Profant next argues that Edifecs "fails to aver any factual evidence to support the claim that Mr. Profant solicited, has continued to solicit, or assisted Welltok in hiring any Edifecs employees," and therefore fails to allege a breach of fiduciary duty. (Mot. at 5.) Edifecs argues that it must only allege facts that support a reasonable inference that Mr. Profant solicited his former staff in violation of his fiduciary duty. (Resp. at 7.)

To assert a claim of breach of fiduciary duty, the plaintiff must allege facts giving rise to the reasonable inference of (1) "a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach proximately caused the injury." *Micro Enhancement Int'l, Inc. v. Coopers & Lybrand, LLP*, 40 P.3d 1206, 1217 (Wash. Ct. App. 2002). A fiduciary relationship arises in law in an employee-employer relationship because the employee—or agent—owes a fiduciary duty to the employer—or principal.

*See id.* at 1217-18 (recognizing that a principal-agent relationship entails a fiduciary relationship as a matter of law).

An agent owes his principal a fiduciary duty of loyalty, which means that the agent may not compete with his principal during the course of his employment. *See Moon v. Phipps*, 411 P.2d 157, 161 (Wash. 1966); *Kieburtz & Assocs., Inc. v. Rehn*, 842 P.2d 985, 988 (Wash. Ct. App. 1992) (citing RESTATEMENT (SECOND) OF AGENCY § 393 (Am. Law Inst. 1958)). After the termination of the agency relationship, if there is no restrictive agreement, the agent can properly compete with the principal. *See, e.g.*, *Ed Nowogroski Ins., Inc. v. Rucker*, 971 P.2d 936, 944 (Wash. 1999) (citing RESTATEMENT (SECOND) OF AGENCY § 396). However, the agent may not solicit employees before his employment ends or if a reasonable noncompetition agreement remains in effect after his employment ends. *See Emerick v. Cardiac Study Ctr., Inc.*, 357 P.3d 696, 701 (Wash. Ct. App. 2015) ("Under Washington law, noncompete covenants are enforceable if they are reasonable and lawful."); *Evergreen Moneysource Mortg. Co. v. Shannon*, 274 P.3d 375, 380 (Wash. Ct. App. 2012) (holding that a question of fact existed as to whether the defendant breached his duty of loyalty "by soliciting employees during the last few months he worked for" the plaintiff).

Edifecs sufficiently alleges that Mr. Profant breached his fiduciary duty by soliciting Edifecs's employees in violation of the Agreement and the legal duty of loyalty an agent owes to his principal. (*See* Compl. ¶¶ 6.2-6.3l; *see also id.* ¶¶ 1.1, 2.2 (alleging an employer-employee relationship between Edifecs and Mr. Profant).) As the court has already concluded, Edifecs's allegations sufficiently support a reasonable inference of

solicitation in violation of the Agreement.  *See supra* § III.B.1; *see also Emerick*, 357 P.3d at 701.  In addition, the timing of the other employees' departures supports the inference that Mr. Profant solicited those employees before he left Edifecs, in violation of his fiduciary duty of loyalty.  Specifically, Edifecs alleges that Mr. Profant joined Welltok shortly after leaving Edifecs and four Edifecs employees left to join the same company "soon after" his departure.  (Compl. ¶¶ 4.9 ("In early November of 2016, [Mr.] Profant announced his intention to resign from Edifecs, and he left on November 11."), 4.10 (stating that one of the employees Mr. Profant allegedly solicited resigned on December 16, 2016, two other employees resigned on February 1, 2017, and one other employee resigned on February 3, 2017).)  These allegations give rise to a reasonable inference that Mr. Profant solicited Edifecs employees while he still owed Edifecs a duty of loyalty.  For these reasons, the court concludes that Edifecs adequately states a claim for breach of fiduciary duty.

## IV. CONCLUSION

For the reasons set forth in this order, the court DENIES Mr. Profant's motion to dismiss (Dkt. # 6).

Dated this 7th day of June, 2017.

_____
JAMES L. ROBART
United States District Judge