The Honorable James L. Robart

1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        WESTERN DISTRICT OF WASHINGTON
10       AT SEATTLE

11  Edifecs, Inc.,

Case No. C17-0557JLR

12              Plaintiff,

[~~PROPOSED~~] **STIPULATED**
**PROTECTIVE ORDER**

13      v.

14  David Profant,

NOTED ON MOTION CALENDAR:
November 9, 2017

15              Defendant.

16

17  1.     PURPOSES AND LIMITATIONS

18         Discovery in this action is likely to involve production of confidential, proprietary, or

19  private information for which special protection may be warranted.  Accordingly, the parties

20  hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The

21  parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket

22  protection on all disclosures or responses to discovery, the protection it affords from public

23  disclosure and use extends only to the limited information or items that are entitled to

24  confidential treatment under the applicable legal principles, and it does not presumptively entitle

25  parties to file confidential information under seal.

26
27
28

2.   "CONFIDENTIAL" AND "ATTORNEYS EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: commercially or personally sensitive material produced in response to discovery.

"ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF DESIGNATED MATERIAL

4.1   Basic Principles. A receiving party may use designated material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

1   agree that a particular document or material produced is for Attorney's Eyes Only and is so
2   designated;

3          (c)     experts and consultants to whom disclosure is reasonably necessary for
4   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
5   A);

6          (d)     the court, court personnel, and court reporters and their staff;

7          (e)     copy or imaging services retained by counsel to assist in the duplication
8   of confidential material, provided that counsel for the party retaining the copy or imaging service
9   instructs the service not to disclose any confidential material to third parties and to immediately
10  return all originals and copies of any confidential material;

11         (f)     during their depositions, witnesses in the action to whom disclosure is
12  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
13  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
14  transcribed deposition testimony or exhibits to depositions that reveal confidential material must
15  be separately bound by the court reporter and may not be disclosed to anyone except as permitted
16  under this agreement;

17         (g)     the author or recipient of a document containing the information or a
18  custodian or other person who otherwise possessed or knew the information.

19     4.3    Disclosure of ATTORNEYS' EYES ONLY Information or Items. Unless
20  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving
21  Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

22         (a)     the Receiving Party's Outside Counsel of Record in this action, as well
23  as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose
24  the information for this litigation

25         (b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary
26  for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
27  and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

28         (c)     the court and its personnel;

1        (d)     court reporters and their staff, professional jury or trial consultants, and

2   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed

3   the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

4        (e)     the author or recipient of a document containing the information or a custodian

5   or other person who otherwise possessed or knew the information.

6        4.4     Filing Designated Material. Before filing designated material or discussing or

7   referencing such material in court filings, the filing party shall confer with the designating party

8   to determine whether the designating party will remove the designation, whether the document

9   can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

10  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will

11  be applied when a party seeks permission from the court to file material under seal.

12  5.      DESIGNATING PROTECTED MATERIAL

13       5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party

14  or non-party that designates information or items for protection under this agreement must take

15  care to limit any such designation to specific material that qualifies under the appropriate

16  standards.  The designating party must designate for protection only those parts of material,

17  documents, items, or oral or written communications that qualify, so that other portions of the

18  material, documents, items, or communications for which protection is not warranted are not

19  swept unjustifiably within the ambit of this agreement.

20       Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

21  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

22  unnecessarily encumber or delay the case development process or to impose unnecessary

23  expenses and burdens on other parties) expose the designating party to sanctions.

24       If it comes to a designating party's attention that information or items that it designated

25  for protection do not qualify for protection, the designating party must promptly notify all other

26  parties that it is withdrawing the mistaken designation.

27       5.2     Manner and Timing of Designations.  Except as otherwise provided in this

28  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

1   ordered, disclosure or discovery material that qualifies for protection under this agreement must

2   be clearly so designated before or when the material is disclosed or produced.

3           (a)    Information in documentary form: (*e.g.*, paper or electronic documents

4   and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

5   proceedings), the designating party must affix the designation to each page that contains

6   confidential material.  If only a portion or portions of the material on a page qualifies for

7   protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by

8   making appropriate markings in the margins).

9           (b)    Testimony given in deposition or in other pretrial proceedings: the parties

10   and any participating non-parties must identify on the record, during the deposition or other

11   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

12   testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after

13   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

14   transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect

15   confidential information at trial, the issue should be addressed during the pre-trial conference.

16           (c)    Other tangible items: the producing party must affix in a prominent place

17   on the exterior of the container or containers in which the information or item is stored the

18   designation.  If only a portion or portions of the information or item warrant protection, the

19   producing party, to the extent practicable, shall identify the protected portion(s).

20       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

21   designate qualified information or items does not, standing alone, waive the designating party's

22   right to secure protection under this agreement for such material.  Upon timely correction of a

23   designation, the receiving party must make reasonable efforts to ensure that the material is

24   treated in accordance with the provisions of this agreement.

25   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26       6.1    Timing of Challenges.  Any party or non-party may challenge a designation of

27   confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality

28   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

1 | burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
2 | challenge a confidentiality designation by electing not to mount a challenge promptly after the
3 | original designation is disclosed.

4 |       6.2   <u>Meet and Confer</u>.  The parties must make every attempt to resolve any dispute
5 | regarding confidential designations without court involvement.  Any motion regarding
6 | confidential designations or for a protective order must include a certification, in the motion or
7 | in a declaration or affidavit, that the movant has engaged in a good faith meet and confer
8 | conference with other affected parties in an effort to resolve the dispute without court action.
9 | The certification must list the date, manner, and participants to the conference.  A good faith
10 | effort to confer requires a face-to-face meeting or a telephone conference.

11 |       6.3   <u>Judicial Intervention</u>.  If the parties cannot resolve a challenge without court
12 | intervention, the designating party may file and serve a motion to retain confidentiality under
13 | Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).  The burden of
14 | persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those
15 | made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on
16 | other parties) may expose the challenging party to sanctions.  All parties shall continue to
17 | maintain the material in question as confidential until the court rules on the challenge.

18 | 7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
19 | <u>LITIGATION</u>

20 |       If a party is served with a subpoena or a court order issued in other litigation that compels
21 | disclosure of any information or items designated in this action, that party must:

22 |       (a)   promptly notify the designating party in writing and include a copy of the
23 | subpoena or court order;

24 |       (b)   promptly notify in writing the party who caused the subpoena or order to
25 | issue in the other litigation that some or all of the material covered by the subpoena or order is
26 | subject to this agreement.  Such notification shall include a copy of this agreement; and

27 |       (c)   cooperate with respect to all reasonable procedures sought to be pursued
28 | by the designating party whose confidential material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: November 9, 2017              *s/Mark S. Parris*
                                          *s/Robert L. Uriarte*
4                                         *s/James Pooley*
                                          Mark Parris
5                                         Robert L. Uriarte
                                          Orrick Herrington & Sutcliffe LLP
6
                                          James Pooley
7                                         James Pooley PLC

8                                         Attorneys for Plaintiff Edifecs, Inc.

9    DATED: November 9, 2017              *s/Aaron Goldstein*
10                                        Aaron Goldstein
                                          Dorsey & Whitney LLP
11
                                          Attorneys for Defendant David
12                                        Profant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   PURSUANT TO STIPULATION, IT IS SO ORDERED

2        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

3   any documents in this proceeding shall not, for the purposes of this proceeding or any other

4   proceeding in any other court, constitute a waiver by the producing party of any privilege

5   applicable to those documents, including the attorney-client privilege, attorney work-product

6   protection, or any other privilege or protection recognized by law.

7   DATED: _November 13, 2017_

8

9                             James L. Robart
                                United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1

## EXHIBIT A

2

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty

5    of perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in

7    the case of *Edifecs, Inc. v. David Profant*, U.S. District Court for the Western District of

8    Washington, Case No. C17-0557JLR.  I agree to comply with and to be bound by all the terms

9    of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

10   could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

11   that I will not disclose in any manner any information or item that is subject to this Stipulated

12   Protective Order to any person or entity except in strict compliance with the provisions of this

13   Order.

14         I further agree to submit to the jurisdiction of the United States District Court for the

15   Western District of Washington for the purpose of enforcing the terms of this Stipulated

16   Protective Order, even if such enforcement proceedings occur after termination of this action.

17   Date: _____

18   City and State where sworn and signed: _____

19   Printed name:_____

20   Signature: _____

21

22

23

24

25

26

27

28

[Proposed] STIPULATED PROTECTIVE ORDER
Case No. 2:17-cv-00557-JLR